UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DECIO PEREIRA DE OLIVEIRA,
Petitioner,

v.

MICHAEL NESSINGER, *Superintendent of the Donald W. Wyatt Detention Facility*; DAVID T. WESLING, *Field Office Director, Enforcement and Removal Operations, Boston Field Office, U.S. Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*; and TODD BLANCHE, *Attorney General of the United States*,
Respondents.

No. 26-cv-569-JJM-AEM

**ORDER**

Decio Pereira De Oliveira has filed this Habeas Petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1. He has also filed an Emergency Motion for a Temporary Restraining Order ("TRO"), seeking largely the same relief. ECF No. 2.[1]

[1] Because the Court ultimately grants Mr. De Oliveira's Habeas Petition and orders the relief that he seeks, the Court dismisses his TRO Motion as moot.

The Government has responded to Mr. De Oliveira's Petition. ECF No. 7. Notably, it fails to point to any statute authorizing Mr. De Oliveira's detention. *See, e.g.*, *Gonzalez Lopez v. Wesling*, 828 F. Supp. 3d 284, 288 (D.R.I. 2026) (recognizing that the Government's power to detain a noncitizen must be grounded in a specific provision of the Immigration and Nationality Act). Indeed, its sole argument as to why the Petition should be denied is because Mr. De Oliveira "has not directly asked the Immigration Court for a bond hearing and, thus, has not exhausted administrative remedies before filing a habeas petition in this Court." ECF No. 7 at 1.

This position is not well taken. The Board of Immigration Appeals ("BIA"), which oversees the immigration courts, has recognized that IJs "lack authority to hear bond requests or to grant bond to [noncitizens] . . . who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025). And, as the Government itself acknowledges, "[t]here is no allegation or evidence that [it] [is] aware of that [Mr. De Oliveira] entered the United States lawfully." ECF No. 7 at 1. Because requiring Mr. De Oliveira to ask an IJ for bond would be an entirely futile endeavor, the Court will not require exhaustion in this case. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 79 (1st Cir. 1997) (recognizing "the inappropriateness of requiring exhaustion when further agency proceedings would be futile").

In any event, the First Circuit has spoken on this issue. "Noncitizens like [Mr. De Oliveira] who are present in the United States without admission are not subject

to [8 U.S.C.] § 1225(b)(2)(A)'s mandatory detention provision, but rather, are governed by [8 U.S.C.] § 1226." *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *11 (1st Cir. Aug. 13, 2026). This ruling makes clear that ICE lacked the authority to subject Mr. De Oliveira to mandatory detention, and that he is entitled to a bond hearing as a noncitizen held under Section 1226(a). *Id.* at 1 ("[Section 1226(a)] serves as a source of discretionary detention authority and allows for the release, on bond or conditional parole, of noncitizens who are subject to this section.").[2]

The Government asks for permission to continue to hold Mr. De Oliveira anyway. *See* ECF No. 7 at 1 ("Should the Court order a bond hearing under 8 U.S.C. § 1226(a), [the Government] further respectfully request that the Court permit ICE to continue to detain the [Mr. De Oliveira] pending the bond hearing."). That is a request that the Court declines. Considering that the Government did not have the legal authority to detain Mr. De Oliveira in the first place, the Court finds his immediate release to be appropriate. *See Guerrero Orellana*, 2026 WL 2352042, at *1 (holding that "the district court was right to order the government to release [a petitioner in this position] or provide him with a bond hearing"); *see also Preiser v.*

[2] The Government does not even mention the First Circuit's decision in *Guerrero Orellana*, let alone grapple with it. The Court will remind the Government's attorneys of their obligation to "disclose facts and law contrary to [their] client's interests." *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 440-41 (1988); *see also* Model Rules of Pro. Conduct r. 3.3(a) ("A lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

*Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## CONCLUSION

The Court therefore GRANTS Mr. De Oliveira's Habeas Petition. ECF No. 1. The Government is hereby ORDERED to release Decio Pereira De Oliveira immediately. Per its request, the Government is permitted to transfer Mr. De Oliveira to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 7 at 1-2. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* at 2. Because the Government did not have the lawful authority to detain Mr. De Oliveira in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv-093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. De Oliveira's transfer to Burlington shall not in any way impede his immediate release.

The Government is also ORDERED to provide Decio Pereira De Oliveira with a bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order. Should it choose to pursue Mr. De Oliveira's continued detention, the

Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention *before* making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to file a status report within five (5) days of Mr. De Oliveira's bond hearing, stating whether he has been granted bond. If Mr. De Oliveira's request for bond is denied, the Government shall state the reason for that denial and whether Mr. De Oliveira has been re-detained by ICE.[3]

---

[3] As to Mr. De Oliveira's request that the Court award "reasonable attorney fees and costs to the extent permitted by law," ECF No. 1 at 17, the Court will entertain that request provided that he files a separate motion under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award . . ., and the amount sought[.]"); *see also Cazeau v. Nessinger*, No. 26-cv-166-JJM-PAS, slip op. at 1 (D.R.I. July 31, 2026) (granting immigration habeas petitioner's request for attorneys' fees and costs upon the petitioner's filing of a separate EAJA motion).

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 20, 2026